UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER LEE NEELY, #759171,

                Petitioner,

                                          CASE NO. 11-CV-12328
v.                                      HONORABLE GERALD E. ROSEN

MARY BERGHUIS,

                Respondent.

_____/

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO FILE PROTECTIVE PETITION AND STAY PROCEEDINGS, DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.**      **Introduction**

Michigan prisoner Christopher Lee Neely ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. In his petition, Petitioner raises claims concerning the effectiveness of trial counsel for not requesting a competency examination and the constitutionality of his sentence. The matter is currently before the Court on Petitioner's motion to file a protective petition and stay the proceedings so that he can return to the state courts to exhaust state court remedies as to additional claims concerning the constructive denial of counsel and the effectiveness of trial and appellate counsel. For the reasons stated herein, the Court denies Petitioner's motion to file a protective petition and stay the proceedings and instead dismisses without prejudice the petition. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II.      Facts and Procedural History**

On February 5, 2010, Petitioner pleaded guilty to second-degree murder, MICH. COMP. LAWS § 750.317, and possession of a firearm during the commission of a felony (felony firearm), MICH. COMP. LAWS § 750.227b, in the Genesee County Circuit Court.  Petitioner's convictions arise from the January 25, 2009 shooting death and robbery of Herbert Biggs in Flint, Michigan.  On May 7, 2010, the trial court sentenced him to 30 to 48 years imprisonment on the murder conviction and a consecutive term of two years imprisonment on the felony firearm in accordance with the plea agreement.

Following his convictions and sentencing, Petitioner filed a delayed application for leave to appeal and a motion to remand with the Michigan Court of Appeals asserting that trial counsel was ineffective for failing to request a competency examination and that his sentence was imposed in violation of his Sixth Amendment rights.  The Michigan Court of Appeals denied leave to appeal and denied the motion to remand "for lack of merit in the grounds presented." *People v. Neely*, No. 300269 (Mich. Ct. App. Oct. 27, 2010) (unpublished).  Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied.  *People v. Neely*, 488 Mich. 1050, 794 N.W.2d 333 (March 8, 2011).

Petitioner dated his federal habeas petition on May 22, 2011.  Petitioner dated his motion to file a protective petition and to stay the proceedings on July 28, 2011.  Respondent has not yet answered the petition nor filed a reply to the motion.

**III.      Analysis**

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. §2254 must first exhaust all state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners

must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). To satisfy this requirement, the claims must be "fairly presented" to the state courts, meaning that the prisoner must have asserted both the factual and legal bases for the claims in the state courts. *See McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *see also Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006) (citing *McMeans*). The claims must also be presented to the state courts as federal constitutional issues. *See Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). While the exhaustion requirement is not jurisdictional, a "strong presumption" exists that a petitioner must exhaust all available state remedies before seeking federal habeas review. *See Granberry v. Greer*, 481 U.S. 129, 131, 134-35 (1987). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

In this case, Petitioner admits that he has a motion for relief from judgment pending in state court concerning the convictions at issue. Petitioner must complete the state court process before seeking habeas relief in federal court. *See, e.g., Witzke v. Bell*, No. 07-CV-15315, 2007 WL 4557674 (E.D. Mich. Dec. 20, 2007); *Harris v. Prelisnik*, No. 06-CV-15472, 2006 WL 3759945 (E.D. Mich. Dec. 20, 2006). Federal law provides that a habeas petitioner is only entitled to relief if he can show that the state court adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d). The state courts must first be given a fair opportunity to rule upon Petitioner's habeas claims before he can present those claims to this Court. Otherwise, the Court cannot apply the standard found at 28 U.S.C. § 2254.

Furthermore, the state proceedings may result in the reversal of Petitioner's convictions,

3

thereby mooting the federal questions presented. *See Humphrey v. Scutt*, No. 08-CV-14605, 2008 WL 4858091, *1 (E.D. Mich. Nov. 5, 2008) (citing *Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir.1983), and *Woods v. Gilmore*, 26 F. Supp. 2d 1093, 1095 (C.D. Ill. 1998)); *see also Szymanski v. Martin*, 99-CV-76196-DT, 2000 WL 654916 (E.D. Mich. April 13, 2000). Non-prejudicial dismissal of the petition is warranted under such circumstances.

Petitioner asks the Court to stay the proceedings and hold his habeas petition in abeyance so that he may return to the state courts to satisfy the exhaustion requirement as to his additional claims. A federal district court has discretion to stay a mixed habeas petition, containing both exhausted and unexhausted claims, to allow a petitioner to present his unexhausted claims to the state courts in the first instance and then return to federal court on a perfected petition. *See Rhines v. Weber*, 544 U.S. 269, 276 (2005). However, stay and abeyance is available only in "limited circumstances" such as when the one-year statute of limitations applicable to federal habeas actions poses a concern, and when the petitioner demonstrates "good cause" for the failure to exhaust state court remedies before proceeding in federal court and the unexhausted claims are not "plainly meritless." *Id*. at 277.

Petitioner has not shown the need for a stay. Although he may be concerned that the one-year statute of limitations applicable to federal habeas actions, *see* 28 U.S.C. § 2244(d), poses a problem, it does not. The one-year period does not begin to until 90 days after the conclusion of direct appeal, *see Jimenez v. Quarterman*, 555 U.S. 113, _, 129 S. Ct. 681, 685 (2009) (stating that a conviction becomes final when "the time for filing a certiorari petition expires"); *Lawrence v. Florida*, 549 U.S. 327, 332-33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000). The Michigan Supreme Court denied leave to appeal on March 8, 2011 and the time for seeking a writ

4

of certiorari with the United States Supreme Court expired 90 days later – on or about June 6, 2011.

Petitioner dated his federal habeas petition on May 22, 2011.  Thus, the one-year period had not yet

begun to run when Petitioner instituted this action.  While the time in which this case has been

pending in federal court is not statutorily tolled, *see Duncan v. Walker*, 533 U.S. 167, 181-82 (2001)

(a federal habeas petition is not an "application for State post-conviction or other collateral review"

within the meaning of 28 U.S.C. § 2244(d)(2) so as to statutorily toll the limitations period), such

time is equitably tolled.  *See, e.g., Johnson v. Warren*, 344 F. Supp. 2d 1081, 1088-89 (E.D. Mich.

2004).  The limitations period will also be tolled during the time in which any properly filed post-

conviction or collateral actions are pending in the state courts.  *See* 28 U.S.C. § 2244(d)(2); *Carey*

*v. Saffold*, 536 U.S. 214, 219-221 (2002).  Given that the full one-year period remains, Petitioner

has ample time to fully exhaust his state court remedies and return to federal court should he wish

to do so.

Additionally, while there is no indication that Petitioner has engaged in "intentionally

dilatory tactics," he has not shown good cause for failing to fully exhaust all of his claims in the state

courts before seeking federal habeas relief.  Lastly, his unexhausted claims concern matters of

federal law which do not appear to be "plainly meritless."  Under such circumstances, a stay is

unwarranted and a non-prejudicial dismissal of the petition is appropriate.

## IV.    Conclusion

For the reasons stated, the Court concludes that Petitioner must exhaust state court remedies

as to all of his claims before proceeding on federal habeas review and that a stay is unwarranted.

Accordingly, the Court **DENIES** Petitioner's motion to file a protective petition and stay the

proceedings and **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus.

The Court makes no determination as to the procedural or substantive merits of his claims.

Before Petitioner may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a federal court denies a habeas claim on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).  The Court concludes that reasonable jurists could not debate the correctness of the Court's procedural ruling.  Accordingly, the Court **DENIES** a certificate of appealability.  The Court also **DENIES** leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith.  *See* Fed. R. App. P. 24(a).  This case is closed.

**IT IS SO ORDERED**.


s/Gerald E. Rosen_____
GERALD E. ROSEN
Chief Judge, United States District Court

Dated:  August 26, 2011

I hereby certify that a copy of the foregoing document was served upon Christopher Lee Neely, #759171, Earnest C. Brooks Correctional Facility, 2500 S. Sheridan Drive, Muskegon Heights, 49444 on August 26, 2011, by ordinary mail.

s/Ruth A. Gunther
Case Manager

6